_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00480-FWS-DFM          Date: October 6, 2025
Title: Erin Acosta v. Nissan North America, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Damian Velazquez for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

PROCEEDINGS:     ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

## I.  Introduction and Background

    In this case, Plaintiff Erin Acosta brings claims against Defendants Nissan North America, Inc. ("Nissan") and CTG Auto, LLC doing business as Nissan of Costa Mesa (the "Dealership") related to an allegedly defective car.  (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").)  Nissan removed the case to this court on the basis of diversity jurisdiction, arguing that the Dealership's California citizenship should be disregarded under the fraudulent joinder doctrine and because Plaintiff's claims against the Dealership should be severed under Federal Rule of Civil Procedure 21.  (Dkt. 1 (Notice of Removal, "NOR") at 8-11.)  In the parties' Joint Report under Federal Rule of Civil Procedure 26(f), addressing subject matter jurisdiction, Plaintiff stated that the court has diversity jurisdiction because "this action is between citizens of different states (Plaintiff is a citizen of California and Nissan is a citizen of Delaware and Michigan)," and did not address the Dealership's citizenship; Nissan again maintained that the court should disregard the Dealership's citizenship.  (Dkt. 13 ("26(f) Report") at 3.)

    On April 15, 2025, the parties filed a document indicating their consent to proceed in this case before Magistrate Judge Stephanie Christensen.  (Dkt. 11.)  The parties checked a box "confirm[ing] that ALL PARTIES have consented to proceed before the selected Magistrate

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00480-FWS-DFM | Date: October 6, 2025 |
| Title: Erin Acosta v. Nissan North America, Inc. | |

Judge." (*Id.* at 1.) However, the form was signed by only Plaintiff and Nissan, and did not address the Dealership. (*See generally id.*)

Plaintiff, a California citizen, then filed a statement confirming that "Plaintiff plans to, and continues to, proceed against" the Dealership, also a California citizen. (Dkt. 21 ¶ 13.)

The court issued an Order to Show Cause why the case should not be remanded to state court for lack of subject matter jurisdiction. (Dkt. 23 ("OSC").) Nissan filed a response to the OSC. (Dkt. 27 ("OSC Response" or "Resp.").) Plaintiff declined the court's invitation to file a reply to Nissan's Response. (*See* OSC at 3.)

## II.    Legal Standard

A defendant may remove a civil action filed in state court to a federal district court only if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases between completely diverse parties that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00480-FWS-DFM                                    Date: October 6, 2025
Title: Erin Acosta v. Nissan North America, Inc.

_____

### III.   Analysis

There is no dispute that both Plaintiff and the Dealership are California citizens such that if the court considers the Dealership's citizenship, the court lacks subject matter jurisdiction over this case and must remand it.  In the Response, Nissan argues the case should not be remanded because (1) the Dealership's citizenship should be disregarded because it is fraudulently joined, and (2) Rule 21 severance is appropriate.  (Resp. at 4-11.)  The court considers these arguments in turn.

#### A.   Fraudulent Joinder

Nissan contends the Dealership is fraudulently joined because Plaintiff's negligent repair claim fails under *Rattagan v. Uber Techs, Inc.*, 17 Cal.5th 1, 19 (2024), which discussed an "independent tort principle," and under the economic loss rule.  (*See* NOR at 8-11; Resp. at 4-9.)  When there is a sufficient showing of fraudulent joinder, a court will not consider the citizenship of the fraudulently-joined party in determining whether there is complete diversity.  *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  However, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id*. (internal quotations omitted).  A defendant can establish fraudulent joinder by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory."  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  This is an exacting standard—"if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

The court finds Nissan has not met its heavy burden to demonstrate that the Dealership is fraudulently joined.  "One who undertakes repairs has a duty arising in tort to do them without negligence." *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970).  In support of her negligent repair claim, Plaintiff alleges that she took the allegedly

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00480-FWS-DFM | Date: October 6, 2025 |
| Title: Erin Acosta v. Nissan North America, Inc. | |

defective car to the Dealership for repairs "on numerous occasions." (Compl. ¶ 63.) She further alleges that the Dealership owed her a duty "to use ordinary care and skill in the storage, preparation, and repair" of the allegedly defective car and that the Dealership breached this duty "by failing to properly store, prepare, and repair" the car according to industry standards. (*Id.* ¶¶ 64-65.) And she alleges this breach was a proximate cause of her damages. (*Id.* ¶ 66.)

Nissan argues this claim "is barred from the face of the Complaint" under what Nissan calls *Rattagan*'s "independent tort doctrine" and the economic loss rule. (Resp. at 4-9.) Although it is possible that a state court could find Plaintiff's negligent repair claim against the Dealership is barred under one or both of these authorities, the court finds Nissan has not adequately demonstrated that the Dealership "cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318. Rather, the court finds "there is a possibility that a state court would find that the complaint states a cause of action" against the Dealership, *Hunter*, 582 F.3d at 1046, or that a state court would determine that any "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend," *Grancare*, 889 F.3d at 549. *See, e.g.*, *Garcia v. Ford Motor Co.*, 2025 WL 314072, at *4 (E.D. Cal. Jan. 28, 2025) (permitting joinder of local dealership and remanding when "[i]t is possible a state court could find a negligent repair claim viable under these circumstances"); *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1099 (N.D. Cal. 2024) (similar); *Doyle v. Gen. Motors LLC*, 2020 WL 915887, at *3 (C.D. Cal. Feb. 25, 2020) (similar); *Lopez v. Ford Motor Co.*, 2019 WL 5444391, at *2 (C.D. Cal. July 18, 2019) (remanding because "Defendants have not established that a customer could never recover against a dealership for negligent repair of a vehicle under warranty"); *Miranda v. Ford Motor Co.*, 2020 WL 917280, at *2 (C.D. Cal. Feb. 25, 2020) (similar); *Lytle v. Ford Motor Co.*, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."); *Tasch v. Ford Motor Co.*, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018) (similar); *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016) (similar). Accordingly, the court "must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046. Nissan's arguments regarding Plaintiff's statements in the 26(f) Report that the court has subject matter jurisdiction and Plaintiff's purported failure to actively pursue a claim against the Dealership, (*see* Resp. at 9-10), do not alter this conclusion.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00480-FWS-DFM             Date: October 6, 2025
Title: Erin Acosta v. Nissan North America, Inc.

### B. Rule 21 Severance

In the alternative, Nissan argues that if the court does not find an adequate showing that the Dealership is fraudulently joined, "the Court should nevertheless exercise its discretion to sever the claim against" the Dealership. (Resp. at 10.) Federal Rule of Civil Procedure 21 "grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). The rule provides that "the court may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21.

"The decision to sever a defendant for jurisdictional purposes is entrusted to the Court's sound discretion, and is by no means required or mandatory." *Healy v. FCA US LLC*, 2020 WL 3868799, at *3 (N.D. Cal. July 9, 2020) (cited in Resp. at 10-11). Even if the court found the Dealership to be "not indispensable to the action under Rule 19," *Sams*, 625 F.2d at 277, the court would find it inappropriate to exercise the court's discretion to sever the Dealership, including because the claims against Nissan and the Dealership are "sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient" and due to "the important considerations of federalism and comity, which counsel that a state law claim as alleged here ought to be heard in a state court." *Healy*, 2020 WL 3868799, at *3.

### C. Summary

Plaintiff filed this case against Nissan and the Dealership. The court is not persuaded that the court should disregard the Dealership's citizenship on the basis of fraudulent joinder, or that the court should exercise its discretion to sever the Dealership under Rule 21. Because both Plaintiff and the Dealership are California citizens, and this case does not present a federal question, the court lacks subject matter jurisdiction over this case. Accordingly, the court must remand the case.

_____

**CIVIL MINUTES – GENERAL**           5

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00480-FWS-DFM | Date: October 6, 2025 |
| Title: Erin Acosta v. Nissan North America, Inc. | |

## IV. Disposition

For the reasons stated above, the court **REMANDS** this case to Orange County Superior Court as case number 30-2024-01393554-CU-BC-NJC.